JOHN M. GRANT, *Appellee*, v. ELLEN C. ISETT, *Appellant.*

No. 16,045.

### SYLLABUS BY THE COURT.

1. CONTRACTS—*Mistake of Law—Construction of Pleadings.* If the answer of appellant is to be construed strictly and grammatically, as probably it should be against the pleader, it sets forth no defense to the petition, but alleges only an error of law on the part of the appellant, for which the appellee is not alleged to have been in any way responsible.

2. PROMISSORY NOTE—*Mistake of Legal Effect by Maker—Innocent Purchaser.* If the answer of appellant be construed favorably to her, and in the light of her own testimony that the note was signed only through inadvertence and mistake, then it must also be said that the evidence shows that the appellee was practically an innocent holder of the paper, and that the appellant, and not the appellee, must bear the burden occasioned by the mistake. No mutuality of mistake, either of law or fact, is alleged or proved.

Appeal from Neosho district court; A. S. LAPHAM, judge *pro tem.* Opinion filed December 11, 1909. Affirmed.

*Charles H. Apt,* for the appellant.

*James W. Reid,* and *John J. Jones,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought against S. G. Isett and his wife, Ellen C. Isett, who is the appellant, by John M. Grant. It appears from the evidence that S. G. Isett, the husband of the appellant, and one Edwin Irwin were copartners in business, and that Isett became indebted to Irwin therein in the sum of $8000. To procure money for the settlement of the indebtedness Irwin proposed to Isett that if the latter would give his note for $8000, secured by a mortgage on his undivided one-half interest in a quarter section of land, he (Irwin) would indorse the note and could get the money

thereon from the appellee, John M. Grant. Accordingly the note and mortgage sued on were prepared and executed by Isett, who sent one Cates, a notary public, to Isett's residence to get the signature of Mrs. Isett and to take her acknowledgment to the mortgage. It does not appear from the evidence that Irwin was loaning money for Grant, or that he acted as the agent of Grant in this transaction, although it does appear that neither Mrs. Isett nor her husband had any personal negotiation with Grant in regard to the matter. Irwin appears to have been acting rather for himself and Mr. Isett in negotiating the note and mortgage and getting the money to settle the difference between them. It appears that Isett and wife did not execute the note and mortgage for Isett's debt directly to Irwin as the payee, but, instead of taking the note and mortgage to himself and transferring them to Grant, Irwin took the note and mortgage directly to Grant, and the transaction on the part of Irwin is rather that of a negotiator of paper than as agent for either party. Isett and wife did not borrow money of Grant or obtain any money from him, but Irwin obtained the money by presenting the note and mortgage executed directly from Isett and wife to Grant. The note and mortgage not being paid, this suit was brought for judgment thereon against the Isetts and Irwin and for the foreclosure of the mortgage.

The appellant answered separately and set forth the following, among other matters, as appears by her abstract here:

"That pursuant to said understanding and agreement this defendant did execute the said mortgage, but she further says that at the time she signed the said mortgage she also, by inadvertence, misapprehension and mistake, signed the note, after being informed that it did not and would not personally bind her nor make her personal estate liable for said debt, but that it only bound her to the extent of her interest in said lands."

A demurrer to this answer was overruled and a jury was impaneled to try the case, and at the close of the

evidence of the appellant, upon whom the court held rested the burden of proof, the court sustained a demurrer thereto, discharged the jury, and rendered judgment in favor of the appellee.

The above excerpt from the answer of Mrs. Isett seems rather ambiguous, and if so should be construed most strongly against her, under the familiar rule of pleading. So construed, it alleges that she signed the note after being informed that it did not and would not personally bind her nor make her personal estate liable for the debt, but that it only bound her to the extent of her interest in the land. If she took counsel as to her liability and thereafter intentionally signed the note upon being informed that it would not bind her personal estate, she simply made a mistake of law, and a mistake of law does not excuse a party to a contract, unless it be a mutual mistake of both parties thereto, and then is analogous to a mistake of fact. If it was a mistake of law or fact, Grant was not proved to have been in any way responsible for it. (See A. & E. Encycl. of L. 816, and cases there cited.)

It appeared in evidence that the appellant told the notary who took her acknowledgment to the mortgage that she did not want to, and did not intend to, bind her own estate for the debt, and that she telephoned her husband at that time to find out what property was covered by the mortgage. After the jury had been discharged the appellant filed her motion for a new trial, which was denied, and judgment was rendered as indicated.

The appellant assigns as error, first, that the court erred in holding that the burden of proof was upon her. But she admitted in her answer the execution of the note and mortgage. There was no error in this ruling. If she executed a note and mortgage she was *prima facie* personally liable on the note, and any defense thereto rested upon her.

Second, she assigns as error the ruling of the court

in excluding certain evidence; and, third, that the court erred in sustaining a demurrer to her evidence and refusing to submit the case to the jury.    The evident reason for these rulings of the court is that the occurrences detailed in the evidence were not shown to have been transacted in the presence of the appellee, Grant, or to have been in any manner brought to his attention before he accepted and paid for the note and mortgage. The assumption is made in the brief of the appellant that Irwin acted in the transaction with the Isetts as the agent of Grant in procuring the execution of the papers, but there is no evidence to establish this claim. But as before said, the transaction indicates rather that he acted for himself and Isett in procuring the money from Grant by what amounted to a sale of the note and mortgage.

It is argued that there was no consideration for the appellant's signature to the note.    A consideration for a contract may in general terms be defined to be something of value received by one party or parted with by the other by reason of the contract.    (9 Cyc. 308, and authorities cited.)    So far as it appears from the evidence, the primary consideration to Grant in loaning the money may have been the signature of the appellant to the note.

Again, it is urged that by reason of the assumed inadvertence or mistake of the appellant the minds of the parties did not meet and there was no contract.    No inadvertence or mistake was known to Grant, so far as the evidence shows, when he accepted the note and mortgage and paid out his money, and he had no contract with Mrs. Isett or her husband except the written contract expressed in the note and mortgage.    So far as the evidence shows, he had no knowledge of any fact to indicate that the written contract was not just what it purported to be on its face, the undertaking of both Mr. and Mrs. Isett to pay him the amount of the note and mortgage.    Under the evidence he stands practically

in the position of an innocent holder of the note and mortgage, and Mrs. Isett can not be heard to say under these circumstances that she did not incur the obligation. (See 16 Cyc. 785, and authorities cited.) So far as the evidence shows, her signature led Grant to invest his money, and the fault, if any, rests upon her, and she must bear the consequences.

The judgment is affirmed.